ORIGINAL FILED

08 AUG -6 PM 3:57

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO DIST OF CA S.J.

Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
5055 Wilshire Blvd, Suite 300
Los Angeles, CA 90036
T: (323) 988-2400; F: (866) 802-0021
Attorneys for Plaintiff,

E-FILING

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MIKE MILLER

    Plaintiff,

vs.

GLOBAL PAYMENT SOLUTIONS, INC

    Defendant.

Case No: C08 03764

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

(Unlawful Debt Collection Practices)

RMW

RS

## COMPLAINT

COMES NOW the Plaintiff, MIKE MILLER ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, GLOBAL PAYMENT SOLUTIONS, INC, alleges and affirmatively states as follows:

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to

- 1 -

VERIFIED COMPLAINT

1. promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. (Cal. Civ. Code §1788.1(a) – (b)).

3. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of GLOBAL PAYMENT SOLUTIONS, INC (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

6. Because Defendant maintains and conducts business in the state of California, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

8. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

9. Plaintiff is a natural person who resides in the City of Susanville, County of Lasen, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of Santa Clara, County of Santa Clara, State of California.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

## FACTUAL ALLEGATIONS

14. Defendant has been placing constant and continuous collection calls to Plaintiff seeking and demanding payment for an alleged debt.

15. Defendant continuously failed to properly identify itself as a debt collector and failed to mention that all information sought would be used for that purpose.

16. Defendant contacted third parties unrelated to the debt, Plaintiff's fiancé and father in regards to the alleged debt. (See Exhibit A).

17. Defendant continued contacting and demanding payment from Plaintiff by placing an excessive amount of collection calls. (See Exhibit B).

18. Defendant made profane and offensive statements when addressing Plaintiff on the telephone as demonstrated when Defendant asked Plaintiff's fiancé, "Where is Mikey, where is your daddy?" (See Exhibit C).

19. Defendant additionally made offensive statements by asking, "Are you going to hide behind your wife now, hahahaha." (See Exhibit B).

20. On March 25, 2008, Plaintiff retained KROHN & MOSS, LTD. to be his legal representation in the present matter.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

21. Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

22. Defendant **violated the FDCPA**. Defendant's violations include, but are not limited to the following:

a). Defendant violated the FDCPA § 1692c(b) when Defendant, through its agents, employees, and or legal counsel, contacted third parties, Plaintiff's fiancé and father regarding the debt in controversy.

b). Defendant violated the FDCPA § 1692d(2) when Defendant, through its agents, employees, and or legal counsel, used abusive, profane and offensive language when addressing Plaintiff.

VERIFIED COMPLAINT

c). Defendant violated the FDCPA § 1692d(5) when Defendant, through its agents, employees, and or legal counsel excessively placed collection calls to Plaintiff.

d). Defendant violated the FDCPA §1692e(11) when Defendant, through its agents, employees, and or legal counsel, failed to properly identify itself as a debt collector and failed to state that all information sought would be used for that purpose.

e). Defendants violated FDCPA §1692g(a) when Defendant, through its agents, employees, and or legal counsel, never mailed an official letter notifying Plaintiff of her rights with respect to the debt owed.

23. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, and humiliation. (See Exhibit D).

## COUNT II

## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.

24. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

25. Defendant **violated the RFDCPA**. Defendant's violations include, but are not limited to the following:

a). Defendant violated the RFDCPA § 1788.11(a) when Defendant, through its agents, employees and or legal counsel, used profane language when communicating with Plaintiff.

b). Defendant violated the RFDCPA § 1788.11(b) when Defendant, through its agents, employees and or legal counsel, failed to properly identify itself as a debt collector.

c). Defendant violated the RFDCPA § 1788.11(e) when Defendant, through its agents, employees, and or legal counsel excessively placed so many calls to Plaintiff as to be unreasonable and to constitute harassment to Plaintiff.

d).   Defendant violated the RFDCPA § 1788.13(d) when Defendant, through its agents, employees and or legal counsel, contacted a third party, other than Plaintiff or her spouse pertaining to the alleged debt.

e).   Defendant violated the RFDCPA § 1788.17 when Defendant, through its agents, employees, and or legal counsel continuously failed to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*.

26.   As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, and humiliation. (See Exhibit D).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

27. Declaratory judgment that the Defendant's conduct violated the State Act, RFDCPA, and Federal Act, FDCPA.

28. Actual damages.

29. Statutory damages pursuant to the State Act, Cal. Civ. Code § 1788.30(b).

30. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

31. Costs and reasonable attorney's fees pursuant to the State Act, Cal. Civ Code § 1788.30(c) and the Federal Act, 15 U.S.C. 1692k.

VERIFIED COMPLAINT

32. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED: July 31, 2008         KROHN & MOSS, LTD.

By: _____

Nicholas J. Bontrager
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MIKE MILLER, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA)

Plaintiff, MIKE MILLER, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MIKE MILLER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8/1/08

MIKE MILLER,
Plaintiff

- 8 -

VERIFIED COMPLAINT

## EXHIBIT A

## Collection Calls:

Sometime Last Year:

To my Dad:   using such language as Mother F*cken Liar, DeadBeat Loser and other language and rude non-professional behavior.

Repeated Calling and hanging up on me and my fiancé at least 40 times in a one week period.

After a year and a half from when I told them to come get the truck, they told me where to put it and they would come get it, after 6 months of waiting for them to come get it, we were getting our snow season and vehicles can not be left on the road or it will be towed, so to keep it from getting towed I took it to my buddie's house until they called so I can tell them where it is. But they never contacted me about the truck or when they were coming to get it,  at this time, they were doing nothing but harassing my dad and making him mad,  they continued to harass my dad until he got to the point of threatening them and then they stopped calling him.

About a month ago my fiancé said I should get things in order before we get married, so I tried the number to the company that financed my truck through, and they told me they sold my debt to a collection agency and they gave me the number so I called to try and work something out,  I told them what I can do at the moment, but that wasn't good enough. Alberto started calling and asking me when am I going to pay, when are you going to pay!!   I got tired of talking to him because he wouldn't listen to a word I was saying.  I hung up on the last time he called and he called back, so my fiancé answered the phone and he kept asking "WHERE'S MIKIE, WHERE'S MIKIE AT?" So she explained to him that she was trying to get a payment arrangement setup for me,  and then disclosed all my debt information to her ( her being a third party ). Since that point of conversation, alberto has been more unprofessional and rude with every call he makes.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT B**

VERIFIED COMPLAINT

3/08/2008 @ 11:30am
  Are you going to hide behind your wife now, HAHAHAHA!

3/10/2008 @ 4:30pm
  Alberto called and my fiancé answered the phone, all he said was WHERE'S MIKIE? . He continued to call numerous times and we didn't answer the phone. When my fiancé called his office @ 1-888-300-4445 to get a mailing address , he kept asking for name, acct# and why does she need the address.

3/13/2008 @ 3:15pm
  Alberto Calls again:   "Why are you hiding behind your wife mikie, you want to drive around in a truck without paying for it. Come on mikie, is that what you want, is to hide behind your wife, are you scare, huh mikie"

3/24/2008 @ 12:30pm
  Alberto: "When are you going to pay for your truck mikie".
  Me: "I have nothing more to say to you, my lawyer will be in contact with you."
  Alberto: " HAHA Don't make me laugh mikie."

3/25/2008 @ 5:30pm
  Where's Mikie, Where's Mikie?

3/25/2008 @ 8:57pm
  So where is your lawyer mikie, why are aren't you paying for your truck mikie

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT C**

July 21, 2008

To: Whom it may concern,

At the time of these calls. Mike Miller ( then my Fiance ) was getting frustrated with this man. I decided I would talk with him and hopefully, get this guy to quit calling. When i got on the phone, i gave him name, Alicia and that i was Mike's fiance . He continued to tell me that he needed to return truck. I asked for the full amt. due. He then proceeded to say that mike could return the truck , i told him that he could come get the truck but we were not returning it ( driving it down ) to him. We were arranging this to happen, I then stated that mike would no longer have this debt in his name, because he was taking the truck back.The man stated that the debt is there, but the truck needed to be returned.

When i would talk with this guy, he never listened to what was being said. When i felt like i was getting no where, i stated that if he wasn't going to listen to what i was saying, i was going to hang up. He kept repeating himself. Stating " You drive truck, you not own" or "mikey when you gonna pay for your truck, Mikey why are you scread" These comment were non-stop and un-needed. These calls came all the time, anyday or anytime. My 4 year old daughter would answer the phone and he would just repeat himself, "where's mikey, where's your daddy" He would repeat this 4 or 5 times with nothing else being said or letting us say anything, so we would hang up. The man would continue to call back 5 or 6 times just letting the phone ring , with no message left. He would also mke comments that we couldn't afford the truck, that we were worthless, why you think it's ok to drive a truck you not pay for.

The man was very rude and unprofessional, I felt uncomfortable to even answer the phone.

All of this happened sometime at the begining of the year, i dont remember everything word for word, but this is the idea of how all of it went.

If you have any questions, Please feel free to call me. (530) 249-2572

Alicia L. Hartner

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT D

VERIFIED COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — (YES) NO  *I work nights and he would call all day*
2. Fear of answering the telephone — (YES) NO
3. Nervousness — (YES) NO
4. Fear of answering the door — (YES) NO
5. Embarrassment when speaking with family or friends — (YES) NO
6. Depressions (sad, anxious, or "empty" moods) — (YES) NO
7. Chest pains — YES (NO)  *Due to smoking so much, caused by stress*
8. Feelings of hopelessness, pessimism — (YES) NO
9. Feelings of guilt, worthlessness, helplessness — (YES) NO
10. Appetite and/or weight loss or overeating and weight gain — (YES) NO  *Lost over 40 lbs.*
11. Thoughts of death, suicide or suicide attempts — (YES) NO
12. Restlessness or irritability — (YES) NO
13. Headache, nausea, chronic pain or fatigue — (YES) NO  *Due to stress*
14. Negative impact on my job — (YES) NO  *Almost got fired*
15. Negative impact on my relationships — (YES) NO  *fiance left me*

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: My father would speak with me for a year because of the abuse that we was receiving about the truck. My fiance ~~[redacted]~~ left me because of the financial stress due to this matter.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8/1/08

_Mike Miller Jr_
Signed Name

_Mike Miller Jr_
Printed Name